Morris T. MYERS, Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 37308.

Supreme Court of Oklahoma.

Nov. 7, 1956.

444

Byrne A. Bowman, Oklahoma City, for plaintiff in error.

R. F. Barry, Oklahoma City, for defendant in error.

HALLEY, Justice.

July 1, 1953, Morris T. Myers, joined by his wife, gave in trust to M. T. Myers, Jr. certain real estate located in Cleveland County, Oklahoma, and on March 15, 1954, Morris T. Myers and wife each made a gift tax return covering the above gift,

and each paid a gift tax of $495, on an estimated total value of the land involved of $26,500, less the exclusions of $3,000 for each donee.

October 20, 1954, the Oklahoma Tax Commission made an additional assessment of $1,160, based upon an adjusted value of $75,000, or an increase in value of $42,500, and notified the donors, who paid the additional gift tax under protest. December 22, 1954, M. T. Myers filed a protest.

It was stipulated by the parties that the only ground relied upon by protestants in this appeal is:

"The gift tax is imposed at graduated rates contrary to provisions of Article X, Section 12 of the Constitution of Oklahoma which permit graduated taxes to be imposed only on income taxes, estate and inheritance taxes, and legacy and succession taxes."

It was further stipulated that if the Gift Tax Act, which is 68 O.S.1951 §§ 1041 to 1047, is unconstitutional, protestant owes no further gift taxes, but if held to be constitutional, the protestant owes all of the proposed additional gift tax.

A hearing on the protest was held before the Commission on March 1, 1956, and the additional tax of $1,160, plus interest, was held due. Claim to the $495 is waived. We shall refer to the parties as Protestant and the Commission.

Section 1041 of the Gift Tax Act, supra, provides in subsection (b) that the tax shall apply to all transactions whereby property rights or interests are "donatively passed or conferred upon another, regardless of the means or device employed", and shall apply where the transfer is in trust or otherwise, direct or indirect and whether the property is real, personal, tangible or intangible.

Section 1042 provides that the tax shall be computed according to a Rate Schedule, beginning with one per cent of taxable net gift not in excess of $10,000 and increased to ten per cent where gift has a value in excess of $10,000,000.

The protestant asserts three reasons why the Legislature had no right to pass an Act providing for a graduated gift tax. First: Our Legislature had no inherent power to tax and since the graduated gift tax was not provided for in the Constitution the Act providing for such an Act was unconstitutional. Second: Even if there be complete and plenary inherent power to tax without Constitutional empowerment, express empowerment as to certain graduated taxes was intentional exclusion of a graduated gift tax. Third: A graduated gift tax is excluded under the maxim "expressio unius est exclusio alterius."

The controlling section of our Constitution is Article X, section 12, which is as follows:

"The Legislature shall have power to provide for the levy and collection of license, franchise, gross revenue, excise, income, collateral and direct inheritance, legacy, and succession taxes; also graduated income taxes, graduated collateral and direct inheritance taxes, graduated legacy and succession taxes; also stamp, registration, production or other specific taxes."

The protestant has presented an interesting discussion of the chronological development of judicial interpretation of the constitutional power of the Congress of the United States to tax and the "time-place" therein of the adoption of the Oklahoma Constitution. He cites Section 8 and Clause 4 of Section 9 of Article I of the United States Constitution and Pollock v. Farmers' Loan & Trust Co., 1895, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759; Stanton v. Baltic Mining Co., 1916, 240 U.S. 103, 36 S.Ct. 278, 60 L.Ed. 546; Knowlton v. Moore, 1900, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969, and other cases in an effort to show what the thinking of the writers of our Constitution was. We cannot agree with his conclusions that those who wrote our Constitution intended to limit our legislators as to items of taxation when it did provide for graduated

income taxes, graduated collateral and direct inheritance taxes, graduated legacy and succession taxes. They wanted to remove all questions as to those things which were in controversy in the courts at that time.

The protestant agrees that a gift tax is an excise tax and is provided for by the Constitution but thinks that the graduated gift tax is not.

Protestant recognizes that this Court had before it the question here presented in Daube v. Oklahoma Tax Commission, 194 Okl. 487, 152 P.2d 687, decided in 1944, but contends that the question in that case does not adequately and thoroughly consider the question presented in the present appeal, and insists that the opinion in the Daube case should be overruled.

No decision handed down subsequent to the Daube case, no statute or constitutional provision adopted since then is cited to justify a re-consideration of the questions decided therein.

Let us consider the three contentions made by protestant. He insists that the Oklahoma Legislature has no inherent power to tax and cites in support of this contention Simpson v. Hill, 128 Okl. 269, 263 P. 635, 56 A.L.R. 706, wherein this Court announced that the Legislature has no inherent power to convene because it has only such powers "as are given it expressly, or by clear implication, in the Constitution." This case is relied upon to destroy the holding in the earlier case of In re Harkness' Estate, 83 Okl. 107, 204 P. 911, 42 A.L.R. 399, where it is stated in the first paragraph of the syllabus:

"A state has inherent power to impose an inheritance tax."

 He insists that the above statement in the Harkness case is mere dictum. Dictum or not, we are of the opinion that the Legislature not only has the inherent power to provide for a graduated gift tax but has that power under the Constitution for it is an excise tax. We think that Simpson v. Hill, supra, had to do with the division of powers between the legislative and executive branches of government and is not in point here.

We said in the aforementioned case of Daube v. Oklahoma Tax Commission [194 Okl. 487, 152 P.2d 689]:

"But an inherent power in the Legislature cannot be excluded by mere implication arising from the fact that the Constitution granted specific powers but failed to mention or provide for such inherent power. If such power is to be excluded by implication the express powers enumerated should be accompanied by negative terms whereby such exclusion would arise by reasonable implication. In Macmillan Co. v. Clarke, 184 Cal. 491, 194 P. 1030, 17 A.L.R. 288, it was said that express enumeration of powers is not exclusive of others not named unless accompanied by negative terms. That applies particularly in this case."

There is nothing in the Constitution of Oklahoma that says a graduated Gift Tax is not permissible.

 As to protestant's second contention that even if there be complete and plenary inherent power to tax without constitutional empowerment, express empowerment as to certain graduated taxes was an intentional exclusion of a graduated gift tax. With this we cannot agree. Our view on this question is sustained by numerous cases cited at page 860 of 100 A.L.R., and we quote the note writer's statement found on that page:

"Again, as said in Cooley on Taxation, 4th ed. § 131: 'Limitations or restrictions upon the exercise of this essential power of sovereignty can never be raised by implication, but the intention to impose them must be expressed in clear and unambiguous language;' it being further declared that any limitation on the exercise of the power of taxation must be imposed by the Constitution of the state. See Philadelphia, W. & B. R. Co. v. Maryland (1850) 10 How. (U.S.) 376, 13 L.Ed. 461, which has been followed

in many later cases, in which it was held that the taxing power of the state is never presumed to be relinquished, and that it exists unless the intention to relinquish it is declared in clear and unambiguous terms admitting of no other reasonable construction.

"Pursuant to these general statements, it is generally held that a constitutional provision for the taxation of 'property' or other enumerated subjects is not exclusive of the power of the legislature to tax other subjects." We think the proper rule is found in Achenbach v. Kincaid, 25 Idaho 768, 140 P. 529, 533, and is:

"As to the question of taxation: The Legislature possesses plenary power, except as such power may be limited or restricted by the Constitution. It is not necessary that the Constitution shall contain a grant of power to the Legislature to deal with the question of taxation. It is sufficient proof of its power if there be found in the Constitution no prohibition against what the Legislature has attempted to do."

By merely mentioning certain subjects for taxation certainly showed no intention to exclude others.

■■■ The protestant's third contention is that a graduated gift tax is excluded under the maxim "expressio unius est exclusio alterius." As has been previously shown in the Daube case, supra, the express enumeration of powers is not exclusive of others not named unless accompanied by negative terms. There are no negative terms in our Constitutional provision on this subject. This position is sustained by 82 C.J.S., Statutes, § 333 b, p. 668:

"The maxim, Expressio unius est exclusio alterius, that the mention of one thing in a statute implies the exclusion of another, is merely an auxiliary rule of statutory construction, to be applied with great caution; it is not a rule of substantive law, or a constitutional command. The maxim is not of universal application, or conclusive as to the meaning of a statute; and it does not constitute a formula for construction to be arbitrarily applied. * * *",

and 16 C.J.S., Constitutional Law, § 21, p. 90:

"* * *. The maxim should be applied with caution to provisions of constitutions relating to the legislative branch of the government, since it cannot be made to restrict the plenary power of the legislature or to control an express provision of the constitution."

These statements are supported by Mercantile Incorporating Co. v. Junkin, 85 Neb. 561, 123 N.W. 1055; Reed v. Bjornson, 191 Minn. 254, 253 N.W. 102; Earhart v. Frohmiller, Ariz., 178 P.2d 436; State ex rel. Normile v. Cooney, 100 Mont. 391, 47 P.2d 637.

Our Gift Tax Act has been in effect for some sixteen years and no doubt much revenue has been collected from this source. The period of time that an Act has been in effect has often been considered in passing upon the constitutionality of such law. 11 Am.Jur., Constitutional Law, Section 83, page 704. Gift taxes were doubtless imposed for the purpose of preventing the avoidance of estate and income taxes by gifts inter vivos and there is no prohibition upon them being graduated.

■■■ We conclude that the presumption of the constitutionality of our Gift Tax Act has not been overcome and that such Act is constitutional. The judgment of the Tax Commission is affirmed.