**David HESTER, Appellant,**

v.

**PUREX CORPORATION LTD., a corporation, Appellee.**

**No. 46774.**

Supreme Court of Oklahoma.

April 1, 1975.

Rehearing Denied May 12, 1975.

Dale J. Briggs, Tulsa, for appellant.

Donald Church, Tulsa, for appellee.

DOOLIN, Justice.

This is an action to recover for personal injuries alleged to have resulted from a breach of implied warranty, involving a cleaning product manufactured by defendant Purex Corporation, and sold to plaintiff's *employer*. Although the demurrer

was directed to the statute of limitations 12A O.S.1971, § 2–725 and 12 O.S.1971, § 95(3) we deal first with whether or not the plaintiff as an *employee* is authorized to bring an action for personal injury based upon the warranty provisions of the Uniform Commercial Code.

We hold that he is not.

Plaintiff was employed by American Airlines, Inc., who purchased from defendant corporation a compound called L–800 for use as a solvent and cleaning agent for flight control systems. On or about November 17, 1966, plaintiff was using the compound and as a result of his inhalation of the fumes he allegedly suffered permanent injury and damage to his central nervous system.

The petition states that the chemical compound was not fit and safe for its intended and ordinary purposes, but was in breach of defendant's implied warranty to that effect. The plaintiff filed this action against the defendant in the District Court on November 20, 1972, some six years after the injury occurred.

The defendant specially demurred to the petition on the grounds that the plaintiff's purported cause of action is barred by the statute of limitations.

The trial court sustained the demurrer, dismissed the case and the plaintiff appeals.

The appellant contests the ruling of the trial court and contends that his cause of action is not barred by the statute of limitations and bases this contention on the following propositions:

I. The appellant's cause of action is within the scope of the implied warranty provisions of the Uniform Commercial Code [1] as adopted in Oklahoma with its ac-

companying five year statute of limitations.

II. 12 O.S.1971, § 98 tolls the statute of limitations as against defendant Purex Corporation from the time it withdrew its service agent from the state of Oklahoma on November 21, 1968.

In support of proposition I, appellant contends that his petition does not set forth a cause of action sounding in tort and governed by 12 O.S.1971, § 95(3) with its two year statute of limitations, or a cause of action sounding in contract within the scope of 12 O.S.1971, § 95(2) with its three year statute of limitation. Rather it is a cause based upon implied warranty of fitness and merchantability within the scope of the Uniform Commercial Code. 12A O.S.1971, § 2–725 provides that "an action for breach of any contract for sale must be commenced within five [5] years after the cause of action has accrued."

The appellant submits that appellee, Purex, is a merchant as defined by § 2–104 of the code, who impliedly warrants the merchantability and fitness of the product with which this case is concerned. We agree. Although Purex manufactures and markets numerous chemical products and it cannot be denied that this sale would be covered by the provisions of the UCC, (Uniform Commercial Code); the question is whether the protection of the implied warranty provisions of the UCC extends to employees of the buyer.

While it is true that at the time Oklahoma adopted the U.C.C. in 1961, the present wording of 12A O.S.1971 § 2–318 [2] was the only suggested text recommended by its authors; since that time, however, in 1966, the following alternative paragraphs to #2–318 have been offered for adoption by,

1. 12A O.S.1971, § 2–314 which reads:
   (1) . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.
   (2) Goods to be merchantable must be at least such as . . . (c) are fit for the ordinary purposes for which such goods are used.

2. 12A O.S.1971 § 2–318: A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of warranty. A seller may not exclude or limit the operation of this section.

state legislatures by the Permanent Editorial Board of the U.C.C.

Alternative B.

A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

Alternative C.

A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends.

The Oklahoma Legislature adopted Alternative A.

Comment 3 to this section suggests that beyond the fact that the warranties expressly include as beneficiaries, the family, household and guests of the purchaser, "the section is neutral and is not intended to enlarge or restrict the developing case law" on whether the warranties extend to other persons in the chain. The appellant seeks to enlarge this section.

It is the appellant's position that section 2–318 should be construed liberally so as to include any foreseeable or intended users such as employees of the buyer. He suggests that an employee is a member of the "business family or household". He cites Speed Fasteners, Inc. v. Newsom, 382 F.2d 395 (10th Cir. 1967), a case arising in Oklahoma, in support of this position, and for the idea that privity has been abolished, where injury has been caused to a third person. Dicta in that case allows an employee to "stand in the shoes of his employer", and states "In the absence of an Oklahoma decision to the contrary, we are satisfied that the employee may sue on the theory of implied warranty". The

case, however, was decided, not on these grounds, but rather on a theory of products liability.

The case was distinguished in Moss v. Polyco, 522 P.2d 622 (1974) where this Court refused to extend the protection of the UCC to an innocent bystander, a customer of a steak house, who was injured when a plastic container manufactured by the defendant fell from a shelf and spilled its contents onto her.

The Supreme Court stated "The UCC has to do with commercial transactions and presupposes a buyer in privity with a seller, the concept being extended only as provided by the Legislature".

Our legislature, since 1966, has had several opportunities to adopt alternatives B or C enlarging the coverage of the U.C.C. It has not chosen to do so.

██ Thus, until the Legislature elects to change this statute, we hold that the UCC section 2–318 does not extend the coverage of its implied warranty of merchantability to employees of the purchaser.

██ This does not leave an injured employee without remedy. Two theories of recovery outside the UCC are retained in Oklahoma; negligence and manufacturers' product's liability. See Kirkland v. General Motors, 521 P.2d 1353 (Okl.1974). Both theories are governed by the two year limitation under 12 O.S.1971, § 95(3).

Appellant's proposition II argues that the statute of limitations was tolled under 12 O.S. (1971) § 98 by the appellee's withdrawal of its service agent on November 21, 1968, two years and four days after the injury occurred.

Assuming without deciding that the statute was tolled, appellants' action would still be barred, since we have determined that the UCC with its five year statute of limitations is not applicable to employees and the two year statute provided for in 12 O. S.1971, § 95(3) expired four days before the agent was withdrawn. Thus it is un-

necessary for us to consider this second proposition.

The trial court properly sustained the appellee's demurrer.

Affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER, and BARNES, JJ., concur.

SIMMS, J., dissents.