Roger HARDESTY, Appellant, and as Cross-Appellee,

v.

ANDRO CORPORATION–WEBSTER DIVISION, Appellee, and as Appellant and Cross-Appellee,

v.

Jimmy R. BRADLEY d/b/a Bradley Heating and Air Conditioning Company, Appellee, and as Cross-Appellant.

Nos. 47825, 47994.

Supreme Court of Oklahoma.

Oct. 5, 1976.

'Greer & Greer by Jefferson G. Greer, Tulsa, for appellant, Roger Hardesty.

Whitten, McDaniel, Osmond, Goree & Davies by Dale F. McDaniel, Tulsa, for appellee, Andro Corp.

Conner, Winters, Ballaine, Barry & McGowen by James L. Kincaid, Douglas L. Inhofe, Tulsa, for appellee/cross-appellant, Jimmy R. Bradley, d/b/a Bradley Heating & Air Conditioning Co.

LAVENDER, Justice:

We consolidate appeals No. 47,825 and No. 47,994 for this opinion.

Roger Hardesty (Hardesty) was the owner-contractor of an apartment complex construction project called Williamsburg and located in Tulsa, Oklahoma. The air conditioning sub-contract was let to Jimmy R. Bradley d/b/a Bradley Heating and Air Conditioning Co. (Bradley). The chiller unit of the air conditioning system was supplied and manufactured by Andro Corporation-Webster Division (Andro). Hardesty experienced major problems in the operation of the air conditioning system. He sought recovery of his economic loss caused by the inability of the system to function properly. His action sounded in contract primarily based on warranty and was brought against both Bradley and Andro. Bradley placed the responsibility for the system's problems on the chiller unit. He sought judgment over against Andro for any recovery Hardesty might receive against Bradley. Subsequent parties to the action included the manufacturer of the compressors used in the chiller unit and an individual called a manufacturer's representative of Andro. These two parties were dropped from the suit by the trial

court. Their inclusion and dismissal from the action is not material to this appeal.

A jury trial was had. The trial court sustained a demurrer to the evidence by Andro as against Hardesty. The jury returned verdicts of $117,998.91 in favor of Hardesty against Bradley and of $59,640.91 in favor of Bradley against Andro. The trial court awarded attorney fees of $8,000 to Andro against Hardesty, $20,000 to Hardesty against Bradley, $8,000 to Bradley against Andro, and another $10,000 to Bradley against Andro under the judgment over.

Hardesty appealed the judgment sustaining Andro's demurrer to the evidence and awarding Andro attorney fees against Hardesty. Andro appealed against Bradley the judgment of $59,640.91 and awarding Bradley attorney fees against it. Bradley cross-appealed against Andro and Hardesty. He also sought reversal on trial court's removal of Andro, Bradley's co-defendant, from the Hardesty claim by the sustaining of demurrer to the evidence and alternatively a judgment over against Andro for the full amount (appeal No. 47,994).

These actions, including the cross claims, sound in contract. Warranties, either express or implied, are involved. The recovery is for economic loss and not personal injury. In this opinion, we are concerned with the rights of the parties as to recovery of that economic loss and then with the awarding of attorney fees.

The Hardesty appeal urges error in the refusal of the trial court to allow its claim against Andro to go to the jury. The refusal is based on lack of privity as between Hardesty and Andro. Hardesty says the evidence established a contract of express warranty directly from Andro to Hardesty. He thinks of himself as a third party beneficiary, and privity as not essential. He believes 12A O.S.1971, § 2–318 may be modified by judicial decree through discretion to extend warranty protection beyond those parties in privity, and beyond those limited parties described in § 2–318.

For Hardesty to have a cause of action based on contract against Andro, there must be a contract directly between these two parties that carried with it a warranty, whether express or implied; or Hardesty must be a third party beneficiary of those warranties to have benefit without privity.

A review of the record, as to plaintiff's case in chief, shows no basis for a direct contract between Hardesty and Andro. Hardesty sought Bradley as his air conditioning sub-contractor. Hardesty anticipated using a Chrysler chiller described in the plans of another bidder on the sub-contract. Bradley suggested to Hardesty that Andro could manufacture and supply the chiller. After touring the Andro plant with Andro officials and Bradley, Hardesty agreed with Bradley's use of Andro's chiller. He considered Andro's ability to manufacture the chiller unit and Andro's assurances of availability of parts and service.

The purchase order for the chiller to Andro was from Bradley. Andro's proposal was to Bradley. Those two documents contained the specifications for that unit. The chilling unit was part of the equipment to be furnished and installed by Bradley in his air conditioning contract to Hardesty. Hardesty paid Bradley separately for the chiller, with check in payment made jointly with Bradley and Andro. This assured Andro being paid by Bradley. There was no contract directly between the parties, Hardesty and Andro, which could have carried with it any warranties, express or implied, directly between them.

■ Here, Andro, as the manufacturer and supplier, sold the chilling unit to Bradley, the air conditioning sub-contractor, to be used by him in fulfilling his sub-contract with Hardesty. The warranties, whether express or implied, passing with that sale is governed by the Uniform Commercial Code, 12A O.S.1971, § 2–101, et

seq. Hardesty acknowledges he is not within the third party beneficiaries of warranties as described in § 2–318.[1] He seeks an extension of those rights to him as a person without privity through judicial decree.

We find the rationale of *Hester v. Purex Corporation*, Okl., 534 P.2d 1306 (1975) to be decisive of this issue. We refuse to extend the protection of warranties to those without privity other than as statutorily provided.

*Hester, supra,* is shown to be a products liability action for personal injury based on an implied warranty. The opinion quotes from *Moss v. Polyco, Inc.,* Okl., 522 P.2d 622 (1974) saying:

"The UCC has to do with commercial transactions (12A O.S.1971, § 1–102) and presupposes a *buyer in privity with a seller,* the concept being extended only as provided by the Legislature." (Emphasis added.)

It discusses recommended alternatives to § 2–318 by the Permanent Editorial Board of the U.C.C. in 1966 and since Oklahoma's adoption of that code containing § 2–318. Alternative B would extend seller's warranty to one reasonably expected to use, consume or be affected by the goods and injured in person. Alternative C makes the same extension to one injured by breach of the warranty and without the limitation of injured in person. This is the extension sought here by Hardesty. *Hester* refused the extension of Alternative B, saying:

"Our legislature, since 1966, has had several opportunities to adopt alternatives B or C enlarging the coverage of the U.C. C. It has not chosen to do so."

There has been a legislative session since that decision. "Thus, until the Legislature elects to change this statute, we hold that the U.C.C. Section 2–318" should not be extended by judicial decision. *Hester, supra.*

Hardesty's position as to third party beneficiary rights outside the U.C.C. is without merit. Here, there was a commercial transaction. It is controlled by the U.C.C. which presupposes privity between the buyer and seller unless that concept is extended by the Legislature. *Moss, supra.* Sustaining the demurrer to the evidence as between Hardesty and Andro was correct. Privity was absent. It was essential.

Andro appealed Bradley's judgment of $59,640.91 returned by the jury against Andro. This was a partial judgment over of Hardesty's judgment of $117,998.91 returned by the jury against Bradley. That judgment is the subject of Bradley's cross-appeal. Both appellant Andro and cross-appellant Bradley argue there is included in each recovery an amount for loss of rental suffered by Hardesty. Contention of error comes from allowing that item to go to the jury. They urge that loss of rental was too speculative, not adequately proven, and the jury inadequately instructed so as to allow recovery of that element of economic loss.

■ "The prohibition of recovery of damages because of uncertainty and too speculative in nature applies to the fact of damage and not to the amount of damage." *Martin v. Griffin Television, Inc.,* Okl., 549 P.2d 85, 92 (1976).

Going to the jury, as disclosed by the record, was evidence showing the air conditioning system did not adequately work. That inadequacy caused tenant complaints and turn-overs. Williamsburg was a new apartment complex. Its operation was not a new business for Hardesty. He had an established business of owning and operating comparable apartment complexes. Williamsburg was an extension of that es-

---

1. "Sec. 2–318. Third Party Beneficiaries of Warranties Express or Implied.—A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

tablished business. In seeking to compare Williamsburg with his other units, Hardesty described it as semi-luxury, in a good location on Lewis Street south of Southern Hills, with conveniences including a swimming pool, complete health club, and a large clubroom. For the years 1970 and 1971, there was evidence of an overall occupancy rate of 95% as to the Hardesty apartment business. After completion of a second phase of the Williamsburg complex, which included a partially new air conditioning system and elimination of the air conditioning problems, that complex's occupancy rate was 97% for the years 1973 and 1974. Prior to the new air conditioning system, the occupancy rate at Williamsburg was 83%. Hardesty measured his rental loss at about $66,000. This is based on the overall occupancy rate of 95% as opposed to Williamsburg's occupancy rate of 83%. He admits to necessary expense. The increased expense caused by a higher occupancy rate is not clear.

■ *Martin, supra,* quotes from *Southwest Ice & Dairy Products Co. v. Faulkenberry,* 203 Okl. 279, 220 P.2d 257 (1950):

" * * * and where it is made to appear that some loss has been suffered, it is proper to let the jury determine what the loss is from the best evidence the nature of the case admits."

The trial court allowed the best evidence the nature of the case admitted to go to the jury. Upon a favorable finding for Hardesty by the jury, trial court's Instruction No. 18 allowed recovery on this element of economic loss of " * * * all sums, if any, which plaintiff lost through lost rental payments directly and proximately resulting from a lack of proper air conditioning in the buildings at Wil-

liamsburg, * * *." A lump sum verdict as to recovery was returned by the jury. No argument is made that amount was in excess of the prayer or the lump sum contained more for loss of rental than prayed for by Hardesty. The allegation for lost rental was given to the jury by the trial court in its statement of the case as $66,024. The jury was allowed by the trial court to determine what that loss was from the best evidence the nature of the case admitted.

We affirm the trial court in sustaining Andro's demurrer to the evidence directed to Hardesty's claim. We find no reversible error on the issue of loss rentals. We affirm the two jury verdicts, one in favor of Hardesty and against Bradley in the amount of $117,998.91 and the other in favor of Bradley and against Andro in the amount of $59,640.91.

■ There remains for resolution the several awarded and appealed attorney fees. No party urges a particular contractual provision in these transactions that allows attorney fees. Without specific contractual authority, there needs to be statutory authorization. *Hanska v. Hanska,* Okl., 395 P.2d 648 (1964). Here, the allowances or denials of attorney fees are argued under 12 O.S.1971, § 936.[2]

This opinion has already concluded the actions sound in contract and involve warranties. There was a contract between Hardesty and Bradley. Bradley's contract required him to furnish and install an air conditioning system. There was a contract between Bradley and Andro. Andro's contract required it to manufacture and supply Bradley a chiller unit. That unit was an essential part of the system Bradley was required to furnish. Hardesty also sought recovery on an express warranty alleged to

**2.** "Sec. 936. Attorney fees taxed as costs in actions on certain accounts, bills and contracts.—
"In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of

goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject [of] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

directly run from Andro to Bradley. These contracts *related to* sale of goods or wares. These actions were bottomed on contracts of warranties, whether express or implied, found in the suggested contracts heretofore described, either expressly or impliedly. Although not controlling by fact of precedent, we adopt this language found in *State v. Gaddy*, 184 N.E.2d 689 (Ohio Com.Pl., 1962):

> " * * * it is commonly understood that 'relating to' embraces much more than such words as 'directly connected to' or 'a part of.' We constantly use the words 'relating to' in many circumstances where time and again we find an event or a status often leading to or in our experience being followed by a common consequence."

We find allowing attorney fees in these actions on appeal are authorized by § 936.

One party takes the position that no attorney fees are allowable based on 12 O.S. Supp.1975, § 939. That section authorizes attorney fees for breach of an express warranty. The argument urges the actions before us involve only implied warranties and § 936, in remaining silent as to a breach of an implied warranty, excludes recovery of attorney fees in that instance.

■■ Exclusion of one thing by implication in a statute that mentions another thing called the maxim "expressio unius est exclusio alterius," is presented as supporting this. That maxim is merely an auxiliary rule of statutory construction, to be applied with great caution, is not of universal application, and is not conclusive as to the meaning of a statute. *Myers v. Oklahoma Tax Commission*, Okl., 303 P.2d 443 (1956). We do not find it controlling here. We do not expand § 939 into an expression of legislative intent of limitation on § 936 so as to make § 936 never applicable in a breach of an implied warranty.

Hardesty says Andro is not a prevailing party under § 936 due to the partial judgment over in favor of Bradley against Andro. He points to prevailing interest, not party. He cites *Gertz v. Milwaukee Elec-*

*tric Railway and Light Company*, 153 Wis. 475, 140 N.W. 312 (1913), a tort action. It was to the interest of Andro for its demurrer to Hardesty's evidence to be sustained. That interest and that party were the prevailing ones in the trial court. That ruling was based on failure to prove privity. In this appeal it is to the joint interest of Hardesty and Bradley to urge error in that ruling. They have not prevailed here. Bradley sought his own dismissal in the trial court from Hardesty's claim. He did not join and urge Andro's removal based on lack of Hardesty's evidence as to privity between Hardesty and Andro.

■ Hardesty claimed to an existing express warranty running from Andro to Hardesty. The trial court found lack of privity between the two. In considering the scope of "prevailing party" under § 936, it is the existence of the claim of a warranty contract and not the necessity of the existence of an actual fact of warranty contract, that controls. *Toland v. Technicolor, Inc.* (C.C.A. 10, 1972), 467 F.2d 1045.

■ Bradley's cause of action against Andro was separate and apart from Hardesty's causes of action against Bradley and Andro. The only interrelation comes from amount of recovery. If Hardesty recovered for items of economic loss from Bradley which stemmed from Andro's breach of warranty to Bradley, then Bradley was entitled to judgment over for those items translated into dollars. Not all of Hardesty's recovery in its jury verdict came from Andro's breach of warranty. That is the reason for a partial judgment over in favor of Bradley as against Andro rather than the full amount of the verdict against Bradley.

Andro would deny the awarded attorney fees to Bradley against Andro as not coming in an action enumerated in § 936. He relies on *Public Service Company of Oklahoma v. Black and Veatch* (N.D.Okl.1971), 333 F.Supp. 538. We distinguish that holding. There the case was one of products liability. The claim was of negligent

design and a tort through a breach of an implied warranty. Present actions were of contract design. Sale of the chiller related to the causes of action. They are under § 936. This includes that portion of Hardesty's attorney fees awarded against Bradley and subsequently as a part of the judgment over against Andro to Bradley.

Proof and reasonableness of the appealed attorney fees are not argued as basis for reversal. We affirm the awarded attorney fees by the trial court of $8,000 to Andro against Hardesty, of $20,000 to Hardesty against Bradley, and of $18,000 to Bradley against Andro, which included $10,000 of the $20,000 fee against Bradley to Hardesty.

Affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BARNES and DOOLIN, JJ., concur.

SIMMS, J., dissents.