69 F.3d 1041
 TULSA LITHO COMPANY, Plaintiff-Appellee,
v.
TILE AND DECORATIVE SURFACES MAGAZINE PUBLISHING, INC., a
California corporation; Dimensional Stone Institute, Inc.,
a California corporation; Contemporary Dialysis
Incorporated, a California corporation, Defendants, and
Jerry Fisher, Defendant-Appellant.
 No. 95-5074.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 31, 1995.
 
 Submitted on the briefs:*
 Eric M. Daffern of Sanders, Sanders & Daffern, Tulsa, Oklahoma, for Defendant-Appellant.
 Robert G. Green, Tulsa, Oklahoma, for Plaintiff-Appellee.
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 Appellant Jerry Fisher is President of three magazine publishing corporations: Contemporary Dialysis, Inc.; Tile & Decorative Surfaces Magazine Publishing, Inc.; and Dimensional Stone Institute, Inc. On January 6, 1989, he executed price schedules with Appellee Tulsa Litho to print the magazines for the three corporations for five years. In December 1992, the corporations terminated their relationship with Tulsa Litho. Based on that termination, Tulsa Litho filed suit in the Northern District of Oklahoma against the three corporations for breach of contract seeking damages of $326,204.[1] It also joined Mr. Fisher as an additional defendant in the suit claiming he caused the breaches and was individually liable as the alter ego of the corporations.
 
 
 2
 Mr. Fisher filed a motion for summary judgment on the grounds that he was a disclosed agent of the corporate defendants and that he signed the price schedules in his capacity as President. The district court granted Mr. Fisher summary judgment.
 
 
 3
 After a jury trial, the court entered a judgment for $326,000 in favor of Tulsa Litho against the corporate defendants. Mr. Fisher then filed a motion for attorney fees on the ground that by the court's grant of his summary judgment motion he became the prevailing party as between himself and Tulsa Litho. Tulsa Litho, also claiming to be a prevailing party, requested attorney fees against the corporate defendants.
 
 
 4
 The district court denied Mr. Fisher's request for attorney fees on the ground that " 'there can only be one prevailing party and one attorney's fee.' " Appellant Br., App., Order at 2 (March 8, 1995 (quoting Quapaw Co. v. Varnell, 566 P.2d 164 (Okla.App.1977)). Instead, the court awarded Tulsa Litho attorney fees because it "received the greatest affirmative judgment." Id. at 3.
 
 
 5
 On appellate review a district court's award of attorney fees is subject to an abuse of discretion standard, but any legal conclusions that provide a basis for the award are reviewable de novo. Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir.1986); see also Arkla Energy Resources v. Roye Realty & Dev., 9 F.3d 855, 865 (10th Cir.1993) (making a de novo review of the meaning of "prevailing party" under Oklahoma's Sec. 936 attorney fee statute).
 
 The governing Oklahoma statute provides:
 
 6
 In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject [of] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.
 
 
 7
 Okla.Stat. tit. 12, Sec. 936.
 
 
 8
 "[T]he general rule [is] that attorney fees and costs in multi-party cases as well as in certain consolidated cases are awarded to different parties on the basis of the separate judgments obtained, not the overall trial result." Christie-Lambert Van & Storage Co. v. McLeod, 39 Wash.App. 298, 693 P.2d 161, 166 (1984) (citing Hanson v. Blackwell Motor Co., 143 Wash. 547, 255 P. 939, 942 (1927)).
 
 
 9
 Hardesty v. Andro Corp.-Webster Division, 555 P.2d 1030, 1036-37 (Okla.1976), makes it clear that Oklahoma follows this general rule. Hardesty was an apartment complex owner who sued both a subcontractor and an air conditioner manufacturer for breach of warranty. The defendant subcontractor cross-claimed against the defendant manufacturer. The trial court dismissed plaintiff Hardesty's claim against the defendant manufacturer, but plaintiff Hardesty did obtain a judgment against the defendant subcontractor. The cross-claimant subcontractor then obtained a judgment against the defendant manufacturer. The trial court held that under Sec. 936 the defendant manufacturer was entitled to attorney fees as the prevailing party against plaintiff Hardesty, and that plaintiff Hardesty was entitled to Sec. 936 attorney fees as the prevailing party against the defendant subcontractor. The court also held that the cross-claimant subcontractor was entitled to Sec. 936 attorney fees as the prevailing party against the defendant manufacturer. Id. at 1032-33. The Oklahoma Supreme Court affirmed the attorney fee awards under Sec. 936, holding that, like the parties here, each was entitled to an attorney fee award as a prevailing party. Id. at 1036-37; see also Sisney v. Smalley, 690 P.2d 1048, 1051 (Okla.1984) (proportioning attorney fees in multi-claim litigation under Sec. 940).
 
 
 10
 In holding that there could be only one prevailing party under Sec. 936, the district court relied on the broad language in Quapaw Co. v. Varnell, 566 P.2d at 167, and Arkla Energy Resources, 9 F.3d at 866. Quapaw and Arkla are distinguishable from this case because they involved attorney fee disputes in actions pitting a single party against another single party.
 
 
 11
 In this case, involving multiple parties, each defendant was a separate party. Mr. Fisher's interest in the defendant companies as their President does not make him personally liable. In granting Mr. Fisher summary judgment against Tulsa Litho, the district court held that he was not personally liable because he was not the alter ego of the corporations. The court found "no evidence that the corporations are shells or that they were used to perpetrate fraud." Appellant's Br. at 4 (quoting Order for Summary Judgment at 4 (Apr. 12, 1994)). Since the court granted Mr. Fisher summary judgment over Tulsa Litho, he was the prevailing party as between himself and Tulsa Litho. Tulsa Litho, on the other hand, was the prevailing party with respect to it against each of the corporate defendants.
 
 
 12
 Accordingly, on remand the district court should determine and award a reasonable attorney fee to Mr. Fisher as permitted under Oklahoma law.
 
 
 13
 REVERSED and REMANDED to the district court for further proceedings in accordance with the above instructions.
 
 
 
 *
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34 (f); 10th Cir.R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34 (a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [1]
 The district court had diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332