Dear State Superintendent, Garrett
¶ 0 This office has received your request for an official Attorney General Opinion. You have asked, in effect, the following question:
 Pursuant to the Oklahoma Teacher Preparation Act, 70 O.S. Supp. 1999, §§ 6-180-6-203, may the State Board of Education issue certificates to applicants (teacher or administrator) who graduated from an accredited teacher education program before September 1, 1999, and who took the curriculum exam in place before September 1, 1999, but who did not seek initial certification before that date?
¶ 1 The Oklahoma Legislature in 1995 passed statutes which call for "the development, implementation and administration of a new competency-based teacher preparation system in Oklahoma." 70O.S. Supp. 1999, § 6-181[70-6-181]. The Act is known as the Oklahoma Teacher Preparation Act (hereinafter "Act"), and is found at 70O.S. Supp. 1999, §§ 6-180-6-203.
¶ 2 A new agency created in the Act is the Oklahoma Commission for Teacher Preparation (hereinafter "Commission"). It is charged with cooperating with the State Board of Education (hereinafter "Board") in implementing the Act. See 70 O.S. Supp. 1999, §6-199[70-6-199]. The Act essentially consists of an interplay between the Commission and the Board in assessing competency and licensing of those who wish to teach in Oklahoma primary and secondary school systems. An analysis of this interplay is necessary to answer the question you have posed. As is discussed more fully below, the answer to your question is this: assuming an individual is otherwise qualified under the Act, the State Board of Education must issue certificates based on a determination by the Teacher Preparation Commission that an individual has passed the appropriate statutorily required examination. Further, so long as the individual graduated from an approved teacher education program at an accredited institution of higher education before September 1, 1999, that individual is subject to the assessment, licensing and certification requirements in effect before July 1, 1997, regardless of whether the person was in a position to seek certification before that date.
 PURPOSE OF THE ACT
¶ 3 With its enactment in 1995 and subsequent modifications, the Legislature has been very specific in the goals the Act is intended to accomplish.
 The Legislature, recognizing its obligation to the children of this state to ensure their opportunity to receive an excellent education, and recognizing that the single most important factor affecting the quality of education is the quality of the individual teacher in the classroom, hereby calls for the development, implementation and administration of a new competency-based teacher preparation system in Oklahoma.
¶ 4 70 O.S. Supp. 1999, § 6-181[70-6-181] (emphasis added). That this is a "new" system is reenforced by the description of the teacher preparation system:
 A new teacher preparation system shall include fundamental changes in the current system of teacher preparation and certification standards as was established in Sections 6-150 through 6-158.1 and 6-161 through 6-170 of this title and shall be developed, implemented and administered by the State Board of Education, the Oklahoma State Regents for Higher Education and the Oklahoma Commission for Teacher Preparation pursuant to the provisions of the Oklahoma Teacher Preparation Act. The new teacher preparation system shall be competency-based to include an assessment system designed to measure the competencies desired for teachers.
¶ 5 70 O.S. Supp. 1999, § 6-183[70-6-183](A) (emphasis added). The statute dictated that this new system go into effect July 1, 1997, and apply to students admitted to a teacher education program on or after September 1, 1997. See 70 O.S. Supp. 1999,§ 6-183[70-6-183](B).
¶ 6 Your question appears to presuppose that it is the responsibility of the Board to determine whether the appropriate curriculum examination was properly administered under the Act. Because this supposition is at the very heart of your question, it must be addressed first. As is discussed more fully below, the responsibility for administering and assessing the results of examinations designed to assess prospective teachers' knowledge is no longer the responsibility of the Board; rather, the Act now operates under the assumption that the Board and Commission will observe certain delineated responsibilities in determining whether qualified applicants can be licensed to teach.
¶ 7 As part of the transition process, the Act stated that the Board from July 1, 1995, to July 1, 1997, would have authority to review and approve teacher education programs. See 70 O.S.Supp. 1999, § 6-184[70-6-184](A). However, beginning July 1, 1997, "the Oklahoma Commission for Teacher Preparation shall have authority for approval and accreditation of teacher education programs" based on criteria found in the Act at 70 O.S. Supp.1999, §§ 6-185[70-6-185] and 6-186, "and for assessment of candidates for licensure and certification according to the provisions of the Oklahoma Teacher Preparation Act." 70 O.S. Supp. 1999, §6-184[70-6-184](A) (emphasis added). The use of "shall" by the Legislature is normally considered a legislative mandate equivalent to the term "must," requiring interpretation as a command. See State exrel. Macy v. Freeman, 814 P.2d 147, 153 (Okla. 1991). Therefore, the Commission, not the Board, is responsible for determining whether candidates should be licensed and certified.
¶ 8 This view that the Board is no longer responsible for determining whether candidates should be licensed and certified is reenforced by 70 O.S. Supp. 1999, § 6-188[70-6-188], which states that the "curriculum examination" previously required:
 [S]hall be restructured into a competency examination by the Oklahoma Commission for Teacher Preparation with the assistance of the State Board of Education, the Oklahoma State Regents for Higher Education and the State Board of Vocational and Technical Education in accordance with the provisions of Section 6-184 of this title concurrently with the development of the new teacher preparation system. The competency-based teacher examination shall replace the current teacher curriculum examination which was established in Sections 6-150 through 6-158 and 6-162 through 6-170 of this title. The new teacher competency examination shall be ready for implementation and administered by the Commission beginning July 1, 1997. The competency examination shall serve as a threshold for entry into the profession. . . .
 The curriculum examination as was required by Section 6-156 of this title and in effect July 1, 1994, shall continue to be offered by the State Board of Education until July 1, 1997. Beginning July 1, 1997, the Oklahoma Commission for Teacher Preparation shall have authority to continue to offer that examination as needed and to determine whether a student should take that test in lieu of the competency examination.
¶ 9 70 O.S. Supp. 1999, § 6-188[70-6-188]. As the statute states, the "curriculum examination" previously was administered by the Department of Education. See 70 O.S. 1991, § 6-156[70-6-156] (now repealed; see 1992 Okla. Sess. Laws ch. 308, § 15). However, the statute makes it clear that responsibility now lies with the Commission, who determines which test should be administered.
¶ 10 Therefore, the Board issues certificates based on testing and evaluation by the Commission, which is responsible for making a determination whether candidates are competent to be licensed or certified.
 REQUIREMENTS FOR THOSE GRADUATING BEFORE SEPTEMBER 1, 1999
¶ 11 This determination leads to the next question: whether the Commission-administered competency examination presently required by the Commission must also be required for persons who graduated before September 1, 1999. The Act contains the following provision:
 All students graduating from an accredited institution of higher education approved or accredited by the Oklahoma Commission for Teacher Preparation for the preparation of educational personnel on or after September 1, 1999, and seeking to enter the public education system as a teacher shall be subject to the assessment, certification and licensing procedures established in the Oklahoma Teacher Preparation Act. Except as provided for in subsection B of this section,[1] all students graduating from an accredited institution of higher education prior to September 1, 1999, and seeking to enter the public education system as a teacher shall be subject to the assessment, licensing and certification requirements in effect before July 1, 1997.
¶ 12 70 O.S. Supp. 1999, § 6-197[70-6-197](A) (emphasis added). The emphasized portion above contains the language which concerns you. The issue is what is modified by the prepositional phrase "prior to September 1, 1999." This determines whether a person who graduates from an accredited institution before September 1, 1999, but for whatever reason has not sought to enter the teaching profession before that date, is subject to the old standards or the new standards.
¶ 13 Grammatically, a prepositional phrase such as the one here generally modifies only the nearest antecedent clause. See Jamesv. Beckwith, 805 P.2d 117, 119 (Okla.Ct.App. 1990) (citingTidal Oil Co. v. Roelfs, 187 P. 486, 487 (Okla. 1920)). Therefore, the requirement of completion before September 1, 1999, refers only to the requirement that the applicant be graduated from an accredited institution of higher education.[2]
¶ 14 To determine whether such a person is eligible depends on the definition of "graduating." An entity reviewing a statute is guided by 25 O.S. 1991, § 1[25-1], "which generally requires that words used in a statute are to be understood in their ordinary sense unless a contrary intention plainly appears." FirstAmerican Bank Trust Co. of Purcell v. Oklahoma Indus. Fin.Auth., 951 P.2d 625, 631-32 (Okla. 1997) (citing Fuller v.Odom, 741 P.2d 449, 452-453 (Okla. 1987)). The verb "graduate" is defined as "to receive from a university, college, or school an academic degree, a diploma, or a certificate denoting fulfillment of requirements leading to it." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 985 (3d ed. 1993). Here, the requirement is that one graduate from "an accredited institution of higher education." 70 O.S. Supp. 1999, § 6-197[70-6-197](A). Therefore, if one fulfills the requirements of an accredited institution, one is "graduated" from that institution, and is "subject to the assessment, licensing and certification requirements in effect before July 1, 1997." 70 O.S. Supp. 1999, § 6-197[70-6-197](A). Whether a particular individual has graduated from an accredited institution is a question of fact which is outside the scope of an Attorney General Opinion.[3]
 ¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Assuming an individual meets all other requirements in theOklahoma Teacher Preparation Act, 70 O.S. Supp. 1999, §§6-180-6-203, the State Board of Education must issuecertificates based on a determination by the Teacher PreparationCommission that an individual has passed the required examinations.
 2. So long as the individual has graduated before September 1,1999, from an accredited institution of higher education asrequired in the Oklahoma Teacher Preparation Act, 70 O.S. Supp.1999, § 6-180-6-203, that individual is subject to theassessment, licensing and certification requirements in effectbefore July 1, 1997.
W.A. DREW EDMONSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] Subsection B deals with those seeking certification to teach in a subject area in which they were not previously certified to teach.
[2] This holding applies to persons who graduated before September 1, 1999, and who had taken the curriculum examination. Graduating before September 1, 1999, will not suffice. For example, a person who was graduated many years ago from an approved teacher education program but did not seek certification at that time could not seek certification now under the requirements in effect before 1997. There is wording in 70 O.S.Supp. 1999, § 6-202[70-6-202], dealing with a "Teacher Competency Review Panel" which makes recommendations to the State Board of Education for the licensure and certification of those "who have not graduated from an approved teacher education program in this state, or who have never held a standard teaching certificate in this state, or who are not currently certified to teach in another state." That section specifically notes that "[n]o person shall be certified to teach pursuant to the provisions of this section unless the person holds at least a baccalaureate degree from an accredited institution of higher education, has successfully completed the required competency examination, and has been assessed by and received a favorable recommendation from the Teacher Competency Review Panel." In the example given here, that person would not have successfully completed the required examination.
[3] There is one more matter involving statutory construction, but it need not detain us long. You point to 70 O.S. Supp. 1999,§ 6-183[70-6-183], which essentially allows school administrators to substitute the old curriculum exam if taken before May 1, 1999, for the new competency exam required after September 1, 1999, even if these individuals would not be eligible to seek certification until after September 1, 1999. You point out that, as this law grants an exception to one group of individuals, the Legislature intended this to be the only exception and would prohibit exceptions to groups of students who likewise took the old curriculum test and graduated before September 1, 1999. The exclusion of one thing by implication in a statute that mentions another thing is expressed in the maxim "expressio unius est exclusio alterius." While this is a valid rule of statutory construction, it "is merely an auxiliary rule of statutory construction, to be applied with great caution, is not of universal application, and is not conclusive as to the meaning of a statute." Hardesty v. Andro Corp.-Webster Div.,555 P.2d 1030, 1036 (Okla. 1976) disapproved of on other grounds, OldAlbany Estates, Ltd., v. Highland Carpet Mills, 604 P.2d 849,852 (Okla. 1979) (citing Myers v. Oklahoma Tax Comm'n,303 P.2d 443 (Okla. 1956)). It cannot be used to defeat the plain language of a statute, and is not controlling here.