FILED
United States Court of Appeals
Tenth Circuit

November 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GREG SHRADER,

      Plaintiff-Appellant,

v.

EARIK BEANN; WAVE 59
TECHNOLOGIES INT'L INC., owners
and officers; WILLIAM BRADSTREET
STEWART; INSTITUTE OF
COSMOLOGICAL ECONOMICS;
SACRED SCIENCE INSTITUTE;
DR. ALAN BIDDINGER,

      Defendants-Appellees.

No. 12-1109
(D.C. No. 1:10-CV-01881-REB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT[*]**

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Plaintiff-Appellant Greg Shrader appeals from the district court's order

dismissing his claims of defamation, false-light invasion of privacy, intentional

infliction of emotional distress, and civil conspiracy for lack of personal jurisdiction

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and failure to state a claim, and awarding attorney fees.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

## BACKGROUND

This is not the first time we have encountered Mr. Shrader's claims against

these same defendants.  Defendants can be organized into three groups: (1) the

Stewart Defendants (William Bradstreet Stewart and his companies Sacred Science

Institute and Institute of Cosmological Economics, Inc.); (2) the Beann Defendants

(Earik Beann and his company Wave 59 Technologies International (Wave59)); and

(3) Dr. Alan Biddinger.  Mr. Shrader first filed his complaint in the United States

District Court for the Eastern District of Oklahoma, which dismissed it for lack of

personal jurisdiction.  We affirmed that judgment on appeal.  *See Shrader v.*

*Biddinger*, 633 F.3d 1235 (10th Cir. 2011) (*Shrader I*).

We summarized the background of this case in *Shrader I*:

Mr. Shrader lives and works in Oklahoma, where he produces books and
courses for market traders.  Mr. Stewart partnered with him for a time,
editing, publishing, and selling Mr. Shrader's materials through his
internet-based companies.  The two ceased doing business together after
Mr. Stewart voiced concerns over the usefulness and originality of Mr.
Shrader's most recent work.  All of Mr. Shrader's tort claims derive
from an email drafted by Mr. Stewart briefly explaining why the two
parted ways.  Mr. Shrader alleges that the email was defamatory and
was intended to ruin his professional reputation.  Mr. Stewart sent the
email to a list of his customers.  Mr. Biddinger then expanded its
audience by posting it to a traders' forum on the Wave59 web site in
response to an inquiry about Mr. Shrader's materials.  Finally, the email
remained accessible on the forum for some time as a result of the Beann
defendants' failure to promptly remove it.

*Id*. at 1237-38. Mr. Shrader has since moved and is currently a resident of Missouri. The Stewart Defendants are residents of California and Nevada; the Beann Defendants are residents of Colorado; Dr. Biddinger is a resident of Michigan.

While *Shrader I* was pending, Mr. Shrader filed the instant, identical complaint in the United States District Court for the District of Colorado. Dr. Biddinger filed a motion to dismiss, which was denied without prejudice because of the pending appeal. The other parties filed a motion to stay, which was also denied, but the district court gave them leave to file a motion for administrative closure. Before the district court ruled on that motion, this court entered judgment in *Shrader I*. At that point, the magistrate judge recommended, and the district court agreed, to dismiss the claims against Dr. Biddinger for lack of personal jurisdiction. The Beann Defendants filed a motion to dismiss claiming that the complaint was barred by the Communications Decency Act, 47 U.S.C. § 230 (CDA). The Stewart Defendants filed a motion to dismiss for lack of personal jurisdiction. The magistrate judge recommended dismissal of all of Mr. Shrader's claims.

After conducting a de novo review, the district court adopted the magistrate judge's recommendations to dismiss the claims against the Beann Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim[1] and to dismiss the claims against the Stewart Defendants pursuant to Fed. R. Civ. P. 12(b)(2) without

---

[1] The district court dismissed Mr. Shrader's conspiracy claims against the Beann Defendants without prejudice but dismissed the remaining claims with prejudice.

prejudice for lack of personal jurisdiction.  The district court also entered judgment

for Dr. Biddinger in accordance with the earlier ruling dismissing him from the case,

without prejudice, for lack of personal jurisdiction.  The district court awarded

Defendants attorney fees pursuant to Colo. Rev. Stat. § 13-17-201, provided that they

file a timely motion setting forth their time spent and reasonable hourly fees.  The

district court denied Mr. Shrader's motion for reconsideration and entered a Rule 58

final judgment on March 26, 2012.  Mr. Shrader appeals.

## DISCUSSION

### I.  *Personal Jurisdiction*

"When, as here, personal jurisdiction is found wanting on the basis of the

complaint and affidavits, our review of the district court's dismissal is *de novo*."

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir.

2008).  We resolve any factual disputes in the plaintiff's favor.  *Id*.

We agree with the district court's order dismissing Dr. Biddinger and the

Stewart Defendants for lack of personal jurisdiction.  As we stated in *Shrader I*, "to

exercise jurisdiction in harmony with due process, defendants must have minimum

contacts with the forum state, such that having to defend a lawsuit there would not

offend traditional notions of fair play and substantial justice."  *Shrader*, 633 F.3d at

1239 (internal quotation marks and brackets omitted).

Dr. Biddinger is a resident of Michigan, and the content and audience of the

email he posted was not targeted at the state of Colorado.  Further, Mr. Stewart, a

California resident, sent an email to Dr. Biddinger concerning Mr. Shrader's work, which is marketed and sold worldwide, with no particular emphasis on Colorado. As we stated in *Shrader I*, "it bears emphasizing that general jurisdiction over a web site that has no intrinsic connection with a forum state requires commercial activity carried on with forum residents in such a sustained manner that it is tantamount to actual physical presence within the state." *Id.* at 1246. Mr. Shrader has failed to make such a showing. Our personal jurisdiction analysis in *Shrader I* also applies to this case, and we will not repeat ourselves here. *See id.* at 1239 - 48.

## II. Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim

We review a Rule 12(b)(6) dismissal de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

As a preliminary matter, we agree with the district court that the Beann Defendants did not waive their defenses by failing to include them in their motion for stay of proceedings, which sought a stay of this case while *Shrader I* was on appeal. When that motion was denied, Defendants brought a motion seeking administrative closure. Neither motion was brought under Rule 12, and therefore Rules 12(g)(2) and 12(h)(1) are inapplicable. *See* Fed. R. Civ. P. 12.

The district court held that the CDA bars Mr. Shrader's claims against the Beann Defendants. "[Section] 230 creates a federal immunity to any state law cause

of action that would hold computer service providers liable for information originating with a third party." *Ben Ezra, Weinstein & Co. v. Am. Online Inc.*, 206 F.3d 980, 984-85 (10th Cir. 2000). "The prototypical service qualifying for this statutory immunity is an online messaging board (or bulletin board) on which Internet subscribers post comments and respond to comments posted by others." *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009). This case deals with just such an online messaging board. We agree with the magistrate judge's well-reasoned recommendation that the CDA bars Mr. Shrader's claims against the Beann Defendants, and have nothing to add.

We also agree with the district court that Colorado law applies to Mr. Shrader's defamation, false light, and intentional infliction of emotional distress claims. Under Colorado law, there is no cause of action for false light invasion of privacy, *see Denver Publ'g Co. v. Bueno*, 54 P.3d 893, 894 (Colo. 2002), and the district court properly dismissed that claim. Further, the Internet postings did not contain actionable statements of fact and did not constitute extreme and outrageous behavior. *See Sky Fun 1 v. Schuttloffel*, 27 P.3d 361, 368 (Colo. 2001) (opinionative statements are not factual or actionable); *Smith v. Colo. Interstate Gas Co.*, 794 F. Supp. 1035, 1042 (D. Colo. 1992) (to support claim of intentional infliction of emotional distress, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (internal quotation marks

omitted)).  Finally, we agree with the district court that Mr. Shrader has failed to state a plausible claim of conspiracy or a meeting of the minds among Defendants.

*III.    Attorney Fees*

We review "a district court's award of attorney fees . . . subject to an abuse of discretion standard, but any legal conclusions that provide a basis for the award are reviewable *de novo*."  *Tulsa Litho Co. v. Tile & Decorative Surfaces Magazine Publ'g, Inc.*, 69 F.3d 1041, 1043 (10th Cir. 1995).  Under Colorado law, a Colorado court must award a defendant in a tort action who prevails on a Rule 12(b) motion reasonable attorney fees in defending that action.  *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000); *see also* Colo. Rev. Stat. § 13-17-201.  The statute also applies to a dismissal under Fed. R. Civ. P. 12(b) of a tort claim brought under Colorado law.  *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 81 F. Supp. 2d 1090, 1102 (D. Colo. 2000).  The district court dismissed Defendants pursuant to Rule 12(b), and its application of Colo. Rev. Stat. § 13-17-201 was proper.

We also hold that the district court did not abuse its discretion in the amount of attorney fees awarded.  The district court carefully reviewed Defendants' affidavits and time records in support of their fee requests pursuant to the relevant factors set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725

(1987). The district court meticulously determined the number of hours spent and the reasonable hourly rate of compensation. The fee awards were therefore reasonable.

**CONCLUSION**

We **AFFIRM** the judgment of the district court as well as its award of attorney fees. We **DENY** Mr. Shrader's motion to proceed *in forma pauperis* and direct him to pay the court fees due immediately.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge