■ KENNETH J. SNYDER, JR., Appellant, v GALLAGHER TRUCK CENTER, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered August 19, 1981 in St. Lawrence County, which, *inter alia,* granted defendants' motions for summary judgment and denied plaintiff's cross motion to strike the affirmative defenses of defendants. On March 28, 1978, plaintiff purchased from defendant Gallagher Truck Center, Inc., a 1978 Peterbilt Tractor demonstrator model which had then been driven 13,930 miles, and which was expressly warranted to contain a 360-horsepower engine. At the time, a contract was signed limiting plaintiff's remedies to repair or replacement of defective materials and workmanship and providing a one-year time limitation within which to commence an action. Plaintiff complained in early April, 1978 to Gallagher by telephone that the truck lacked horsepower. On April 8 or 9, plaintiff brought the truck back to Gallagher and again complained that the truck did not have the 360 horsepower warranted. After driving to Springfield, Massachusetts, and then to California, plaintiff again telephoned Gallagher to ask what had been done about his complaint. When the truck broke down in Grand Rapids, Michigan, on May 12, 1978, plaintiff was advised that it did not contain a 360-horsepower engine, and when it was inspected in Cheyenne, Wyoming, on May 25, 1978, plaintiff was informed that the engine had only 260 horsepower. After having made only one monthly payment, plaintiff returned the truck to Gallagher in July, 1978. Despite his difficulty with the vehicle, it was not until June 11, 1979 that plaintiff commenced this action against Gallagher and Peterbilt Motors Company for compensatory and punitive damages. Neither defendant interposed the defenses of limitation of damages and the contractual limitation of time until defendant Gallagher served an amendment to its answer on January 9, 1980. Subsequently, by letter dated February 8, 1981, a fully amended answer containing these defenses was forwarded by Gallagher to plaintiff who refused to accept it. On February 23, 1981, defendant Peterbilt forwarded its amended answer and it, too, was refused. Thereupon defendants moved for an order compelling acceptance of the amended answers, and the order was granted. Thereafter, defendants' motions for summary judgment dismissing the complaint were granted. Plaintiff contends that it was error to grant defendants' motions to compel acceptance of their amended answers. Since "leave to amend should be freely given when there has been no showing that the opposing party would be prejudiced thereby" (*Schanbarger v Baker,* 75 AD2d 964, 965), Special Term did not abuse its discretion in granting defendants' motions. Turning to the question of whether Special Term erred in granting summary judgment to defendants based on the contractual limitations period, we affirm

that determination. Pursuant to CPLR 201, written agreements shortening the Statute of Limitations are authorized. As applied to the sale of goods under section 2-725 of the Uniform Commercial Code, such shortened periods cannot be less than one year. Plaintiff has demonstrated no duress, fraud or misrepresentation in regard to his agreement to the shortened period and it must, therefore, be assumed that the term was agreed to voluntarily. The action was commenced more than one year after the date of sale and, therefore, all causes of action accruing at the date of sale were time barred by the contractual limitations. Furthermore, the record shows that plaintiff discovered or could with reasonable diligence have discovered the defect upon which his fraud cause of action is based more than one year prior to the commencement of the action (see CPLR 213, subd 8). Accordingly, the limitation defense bars this action and the order of Special Term should be affirmed. Order affirmed, with one bill of costs to defendants. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.