408 S.E.2d 270

Drema TAYLOR, George Taylor, and Erie Insurance Company, a Corporation Plaintiffs Below, Appellants,

v.

FORD MOTOR COMPANY, a Delaware Corporation, and Blackburn Ford Sales, Inc., a West Virginia Corporation, Defendants Below, Appellees.

No. 19879.

Supreme Court of Appeals of West Virginia.

Submitted May 8, 1991.

Filed July 23, 1991.

John Hutchinson, Gorman, Sheatsley & Hutchinson, Beckley, for appellant Drema Taylor.

Lonnie Simmons, James M. Barber, Di Trapano & Jackson, Charleston, for appellant, Erie Ins. Co.

James Keenan, Fayetteville, for appellant George Taylor.

Michael Bonasso, Kay, Casto, Chaney, Love & Wise, Charleston, for appellees.

MILLER, Chief Justice:

Drema Taylor, George Taylor, and Erie Insurance Company, plaintiffs below, appeal a final order of the Circuit Court of Fayette County dismissing their case with prejudice because it was barred by the two-year tort statute of limitations prescribed in W.Va.Code, 55–2–12 (1959). The issue is whether, in a personal injury suit based on a breach of an implied warranty of fitness, the four-year statute of limitations contained in our Uniform Commercial Code (U.C.C.), W.Va.Code, 46–2–725, should apply. We hold that it does not and affirm the trial court's final order.

## I.

On May 30, 1985, George Taylor purchased a new Ford Bronco II from Blackburn Ford Sales, Inc., which had been manufactured by Ford Motor Company.[1] Later that same day, George Taylor's wife, Drema, was driving the Bronco south on U.S. Route 19 in Fayette County, West Virginia. A car driving north on U.S. Route 19 crossed the median onto Mrs. Taylor's side of the road and nearly collided with the Bronco. When Mrs. Taylor swerved to avoid the oncoming vehicle, the Ford Bronco rolled over several times. Mrs. Taylor suffered severe injuries; she is now a quadriplegic.

The Taylors' automobile insurance carrier, Erie Insurance Company (Erie), obtained the vehicle for salvage when it paid the Taylors the Bronco's value under the

policy. Erie then disposed of the vehicle before the Taylors' representative could inspect it. On May 29, 1987, the Taylors sued Erie, alleging that when Erie destroyed the vehicle it caused the value of the Taylors' product liability action against Ford to be significantly reduced.[2] Erie eventually settled with the Taylors for $979,610. In exchange, the Taylors authorized Erie in a written agreement to pursue their product liability claim against Ford. The agreement allowed Erie, if the claim against Ford was successful, to reimburse itself in the amount of $979,610.[3] The Taylors were entitled to all monies above this amount.

On May 26, 1989, Erie and the Taylors filed suit against Ford, alleging breach of implied warranty of fitness. In response, Ford filed a motion to dismiss or, in the alternative, a motion for summary judgment on the basis that the suit was time barred. In an order dated July 11, 1990, the trial court ruled that the suit was barred by the statute of limitations prescribed in W.Va.Code, 55–2–12;[4] therefore, the circuit court dismissed the plaintiffs' case with prejudice.

## II.

The plaintiffs contend that because the vehicle was defectively designed, Ford breached the implied warranty of fitness contained in W.Va.Code, 46–2–315.[5] As a consequence, they assert that the four-year

---

1. We will refer to Blackburn Ford Sales, Inc., and Ford Motor Company collectively as "Ford."

2. In essence, the Taylors were suing Erie for the tort of intentional and negligent spoliation of evidence. This cause of action is of relatively recent vintage; however, it has been recognized in both Alaska and California. *See, e.g., Hazen v. Municipality of Anchorage,* 718 P.2d 456 (Alaska 1986); *Smith v. Superior Court,* 151 Cal.App.3d 491, 198 Cal.Rptr. 829 (1984). *See generally* Annot., 70 A.L.R.4th 984 (1989 & 1990 Supp.). We express no view on the merits of this cause of action.

3. The validity of this type of agreement is not before us. *See generally* 73 Am.Jur.2d *Subrogation* § 18 (1974).

4. W.Va.Code, 55–2–12, provides, in pertinent part:

"Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]"

5. W.Va.Code, 46–2–315, states:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section [§ 46–2–316] an implied warranty that the goods shall be fit for such purpose."

statute of limitations found in W.Va.Code, 46–2–725, is applicable.[6] If the four-year period is the appropriate statute of limitations, the suit was timely filed.

We have not had occasion to address this issue. There is a split of authority over the appropriate statute of limitations, and three different positions have evolved. The first approach holds that U.C.C. 2–725, applies to all actions for breach of warranty regardless of whether the plaintiff seeks personal injury damages or economic and contractual damages. *See, e.g., Alexander v. Conveyors & Dumpers, Inc.,* 731 F.2d 1221 (5th Cir.1984) (Mississippi law); *Johnson v. Hockessin Tractor, Inc.,* 420 A.2d 154 (Del.1980); *Redfield v. Mead, Johnson & Co.,* 266 Or. 273, 512 P.2d 776 (1973); *Layman v. Keller Ladders, Inc.,* 224 Tenn. 396, 455 S.W.2d 594 (1970); *Ogle v. Caterpillar Tractor Co.,* 716 P.2d 334 (Wyo. 1986).

The second approach looks to the type of damages sought in the action to determine whether the U.C.C. statute of limitations applies. As the Supreme Court of Utah explained in *Davidson Lumber Sales, Inc. v. Bonneville Investment Co.,* 794 P.2d 11, 16 (Utah 1990), "[a]ctions for personal injury damages or tortious injury to personal property are governed by general, non-U.C.C. limitations periods, while actions for economic or breach of contract damages are governed by § 2–275." (Citations omitted). *See also Bly v. Otis Elevator Co.,* 713 F.2d 1040 (4th Cir.1983) (Virginia law); *Cowan v. Lederle Laboratories,* 604 F.Supp. 438 (D.Kan.1985) (Kansas law); *Witherspoon v. General Motors Corp.,* 535 F.Supp. 432 (W.D.Mo.1982) (Missouri law); *Becker v. Volkswagen of Am., Inc.,* 52

Cal.App.3d 794, 125 Cal.Rptr. 326 (1975); *Franzen v. Deere & Co.,* 334 N.W.2d 730 (Iowa 1983); *Heavner v. Uniroyal, Inc.,* 63 N.J. 130, 305 A.2d 412 (1973).

The third approach finds that the U.C.C. statute of limitations applies only if the plaintiff and the defendant are in privity. *See, e.g., Williams v. Fulmer,* 695 S.W.2d 411 (Ky.1985); *Plouffe v. Goodyear Tire & Rubber Co.,* 118 R.I. 288, 373 A.2d 492 (1977); *Lee v. Wright Tool & Forge Co.,* 48 Ohio App.2d 148, 356 N.E.2d 303 (1975); *Hester v. Purex Corp., Ltd.,* 534 P.2d 1306 (Okla.1975).[7]

■ We do not doubt that a person injured as a result of breach of an implied or express warranty can sue for his personal injury based on a breach of such warranties. W.Va.Code, 46–2–715(2), explicitly so provides.[8] Moreover, in the Syllabus of *Dawson v. Canteen Corp.,* 158 W.Va. 516, 212 S.E.2d 82 (1975), we held that under W.Va.Code, 46–2–318, and W.Va.Code, 46A–6–108 (1974), "[t]he requirement of privity of contract in an action for breach of an express or implied warranty in West Virginia is hereby abolished."[9] *See also* W.Va.Code, 46A–6–108 (1987).

Although we have recognized the availability of damages for personal injuries arising from the breach of an express or implied warranty, this recognition does not automatically resolve which statute of limitations to apply. Threaded throughout our damage law is the conceptual difference between tortious injuries and those arising from economic losses to property occasioned by it being defective. In *Star Furniture Co. v. Pulaski Furniture Co.,* 171

---

**6.** W.Va.Code, 46–2–725(1), provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it."

W.Va.Code, 46–2–725, is identical to the official U.C.C. Thirty-six states have adopted the official version verbatim. For local variations in the remaining fourteen states, *see* R. Anderson, *Uniform Commercial Code* § 2–725:2 (3d ed. 1984 & Supp.1990). We will refer to the official statute of limitations for contracts for sale as U.C.C. 2–725.

**7.** As the Kentucky Supreme Court recognized in *Williams v. Fulmer, supra,* implied warranties can be limited or negated under U.C.C. 2–316.

**8.** W.Va.Code, 46–2–715(2), states: "Consequential damages resulting from the seller's breach include ... (b) injury to person or property approximately resulting from any breach of warranty."

**9.** In *Dawson,* the plaintiff got food poisoning after eating a contaminated cheeseburger purchased from a vending machine.

W.Va. 79, 84, 297 S.E.2d 854, 859 (1982), we said:

"Tort law traditionally has been concerned with compensating for physical injury to person or property. Contract law has been concerned with the promises parties place upon themselves by mutual obligation. Physical harm to the defective product belongs with tort principles; reduction in value merely because of the product flaw falls into contract law." (Citations omitted).

More recently, in Syllabus Points 1 and 2 of *Capitol Fuels, Inc. v. Clark Equipment Co.*, 181 W.Va. 258, 382 S.E.2d 311 (1989), we outlined these principles:

"1. 'In West Virginia, property damage to defective products which results from a sudden calamitous event is recoverable under a strict liability cause of action. Damages which result merely because of a "bad bargain" are outside the scope of strict liability.' Syllabus Point 3, *Star Furniture Co. v. Pulaski Furniture Co.*, 171 W.Va. 79, 297 S.E.2d 854 (1982).

"2. Under the 'bad bargain' concept of *Star Furniture Co. v. Pulaski Furniture Co.*, 171 W.Va. 79, 297 S.E.2d 854 (1982), the fact that the product may be flawed or defective, such that it does not meet the purchaser's expectations or is even unusable because of the defect, does not mean that he may recover the value of the product under a strict liability in tort theory. The purchaser's remedy is through the Uniform Commercial Code. In order to recover, the damage to the product must result from a sudden calamitous event attributable to the dangerous defect or design of the product itself."

This law does not squarely resolve today's issue. However, it does suggest that we look to tort principles where personal injuries are involved, and that a sudden calamitous event is the hallmark of many tort injuries.

There are several considerations which bear upon our holding. First, a plaintiff injured by a defective product frequently will sue under multiple theories of recovery, such as strict liability in tort, *see Morningstar v. Black & Decker Manufacturing Co.*, 162 W.Va. 857, 253 S.E.2d 666 (1979), and breach of implied and express warranties. When multiple theories are utilized, it is desirable to have a uniform period of limitations.

Second, while it may initially seem advantageous to have the four-year U.C.C. statute of limitations in W.Va.Code, 46–2–725, there are some significant drawbacks. Under W.Va.Code, 46–2–725(2), "[a] cause of action accrues when the breach occurs" and the "breach of warranty occurs when tender of delivery is made[.]"[10] In essence, W.Va.Code, 46–2–725, is a statute of repose because the limitation period begins to run when the product is delivered, regardless of when the damages are incurred. *See Gibson v. State Dep't of Highways*, 185 W.Va. 214, 406 S.E.2d 440 (1991).[11] Thus, in *Basham v. General Shale*, 180 W.Va. 526, 377 S.E.2d 830 (1988), we declined to apply the discovery rule exception to the U.C.C. statute of limitations. Other courts have construed their counterparts to W.Va.Code, 48–2–725(2), as statutes of repose.[12]

Moreover, under W.Va.Code, 46–2–725(1), by an original agreement the four-

---

**10.** W.Va.Code, 46–2–725(2) provides:

"A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

**11.** In Syllabus Point 2 of *Gibson,* we explained the distinction between statutes of limitations and repose: "A statute of limitations ordinarily begins to run on the date of the injury; whereas, under a statute of repose, a cause of action is foreclosed after a stated time period regardless of when the injury occurred."

**12.** *City of Bedford v. James Leffel & Co.,* 558 F.2d 216 (4th Cir.1977); *Ludwig v. Ford Motor Co.,* 510 N.E.2d 691 (Ind.App.1987); *Davidson Lumber Sales, Inc. v. Bonneville Investment, Inc., supra.*

year period can be reduced to one year. There are courts that have upheld a reduction in the statute of limitations even though it appeared that the agreement was prepared exclusively by the seller.[13] Consequently, the plaintiff could find that the statute of limitations provided in the U.C.C. had been drastically shortened in documents prepared by the seller over which he had no control. Commercially sophisticated sellers would undoubtedly avail themselves of this opportunity.

W.Va.Code, 46–2–725, suggests that the four-year period could be lengthened "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered." This language is hardly a model of clarity, but most courts hold that it does not apply to implied warranties because they are not "explicit." *E.g., Wright v. Cutler–Hammer, Inc.*, 358 So.2d 444 (Ala.1978); *City of Carlisle v. Fetzer,* 381 N.W.2d 627 (Iowa 1986); *Rutland v. Swift Chem. Co.*, 351 So.2d 324 (Miss. 1977); *Allan v. Massey–Ferguson, Inc.*, 221 Neb. 528, 378 N.W.2d 664 (1985); *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544 (Tex.1986). *See generally* Annot. 93 A.L.R.3d 690 (1979 & Supp.1990).

Opinions vary as to what constitutes a warranty that explicitly extends to future performance. *See generally* Annot. 93 A.L.R.3d at § 3. Consequently, whatever time extension is available may depend on a rather complex analysis of this section.

▇ We conclude that the four-year U.C.C. provision is ill suited to personal injury suits. Where the damages sought are traditionally associated with a tort injury, we conclude that it is more reasonable and realistic to place warranty theories under the two-year tort personal injury statute of limitations.[14] In so doing, we give warranty claims all of the benefits of the

tort statute of limitations rules. The cause of action does not arise and the statute of limitations does not begin to run until the injury occurs; where the injury is latent, the period is postponed until it is discovered or reasonably should have been discovered. *See Jones v. Trustees of Bethany College,* 177 W.Va. 168, 351 S.E.2d 183 (1986).

For the foregoing reasons, we conclude that where a person suffers personal injuries as a result of a defective product and seeks to recover damages for these personal injuries based on a breach of express or implied warranties, the applicable statute of limitations is the two-year provision contained in W.Va.Code, 55–2–12, rather than the four-year provision contained in our U.C.C., W.Va.Code, 46–2–725.

Accordingly, the judgment of the Circuit Court of Fayette County is affirmed.

Affirmed.

---

**13.** *See, e.g., Snyder v. Gallagher Truck Center, Inc.,* 89 A.D.2d 705, 453 N.Y.S.2d 826, *appeal denied,* 57 N.Y.2d 609, 457 N.Y.S.2d 1025, 443 N.E.2d 494 (1982); *Jandreau v. Sheesley Plumbing & Heating Co., Inc.,* 324 N.W.2d 266 (S.D.1982).

**14.** The trial court relied on *Maynard v. General Electric Co.,* 486 F.2d 538 (4th Cir.1973), which

found the two-year tort statute of limitations controls a cause of action for breach of express and implied warranties. In *Maynard,* the court's discussion focused on implied contract which we find of little relevance to the issue at hand. Similarly, *Cochran v. Appalachian Power Co.,* 162 W.Va. 86, 246 S.E.2d 624 (1978), which plaintiffs rely upon, does not discuss the U.C.C.