488 S.E.2d 1

Linda S. CHANCELLOR, aka Linda
S. Holdren, aka Linda S. Payne,
Plaintiff Below, Appellant,

v.

Harry SHANNON, M.D., St. Joseph Hospi-
tal, a West Virginia Corporation, John
Doe Medical Instrument Manufacturing
Corporation (now known as Van–Tec, a
subsidiary of Boston Scientific Corpora-
tion), doing business in the State of
West Virginia, P.L. Kupferberg, M.D.;
and John Doe Medical Instrument Dis-
tributing Company, a corporation doing
business in the State of West Virginia,
Defendants Below, Appellees.

No. 23368.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 15, 1997.

Decided Feb. 26, 1997.

J. C Powell, Powell Law Offices, Charleston, for Appellant.

David E. Schumacher, Schumacher & Stennett, Charleston, Attorney for Appellee Shannon.

Don R. Sensabaugh, Jr., David S. Givens, Flaherty, Sensabaugh & Bonasso, Charleston, for Appellee St. Joseph Hospital.

Gary W. Hart, Jackson & Kelly, Charleston, for Appellee Boston Scientific.

Brent P. Copenhaver, Jacobson, Maynard, Tuschman & Kalur, Morgantown, for Appellee Kupferberg.

PER CURIAM:

The Circuit Court of Wood County, in this medical malpractice and products liability case, granted one of the defendants, Boston Scientific Corporation, summary judgment on the ground that claim of the appellant, Linda S. Chancellor, was barred by the statute of limitations. The circuit court found that the appellant had not acted with reasonable diligence to determine that a division of Boston Scientific had manufactured a medical device which failed during an operation on the appellant and that Boston Scientific had done nothing to conceal its identity or impede the appellant's discovery of its identity. Consequently, the court ruled that appellant's failure to assert the claim against Boston Scientific within the two year limitations period could not be excused under the so-called "discovery rule" which excuses a timely filing until the identity of an unknown tortfeasor is discovered.

On appeal the appellant claims that the circuit court erred in concluding that she was not entitled to the benefit of the "discovery rule" and in granting summary judgment. After reviewing the law and the record, this Court believes that further development of the record is desirable to clarify whether the appellant is, or is not, entitled to the benefit of the discovery rule, and that given this fact, summary judgment was improper. The judgment of the circuit court is, therefore, reversed and this case is remanded for further development.

On January 27, 1988, the appellant underwent an operation for the removal of a kidney stone at St. Joseph's Hospital in Wood County, West Virginia. In the course of the operation a minute wire attached to an instrument used in the operation "shredded," and at the conclusion of the operation a portion of the wire, which should have been completely removed, remained in the appellant's body. The appellant later experienced medical difficulties, and on or about October 23, 1991, she was definitively notified that the wire was improperly in her body and that her medical problems were caused by it.

After being advised that the wire was causing her difficulties, the appellant consulted counsel, and on October 1, 1993, twenty two days before the two year statute of limitations would have run on a products liability claim, the appellant, who did know the identity of the doctor who performed the operation, and the identity of the hospital where it was performed, but who did not then know the identity of the manufacturer or distributor of the wire, filed the present action in the Circuit Court of Wood County. The complaint named Harry Shannon, M.D., St. Joseph's Hospital, John Doe Medical Instrument Manufacturing Corporation and John Doe Medical Instrument Distributing Corporation as defendants. On the same day, the appellant filed interrogatories and a request for production of documents to be served upon St. Joseph's Hospital. Interrogatory No. 2 requested that St. Joseph's Hospital provide the name and address of the manufacturer of the wire.

On January 28, 1994, St. Joseph's Hospital filed answers to the appellant's interrogatories and identified the manufacturer of the wire as "Van–Tech, Inc., 780 Brookside Drive, P.O. Box 26, Spencer, IN 47460." Van–Tec, it was later learned, had been acquired by, and was owned by, Boston Scientific Corporation.

On February 9, 1994, less than two weeks after receiving the interrogatory responses, the appellant moved to amend her complaint to name Van–Tech, Inc. as a defendant. Subsequently, in an agreement entered into on March 25, 1994, Harry Shannon, M.D. and St. Joseph's Hospital, the defendants named and specifically identified in the original com-

plaint, consented to the appellant's filing the amended complaint. The trial court approved the agreement, and on March 30, 1994, an amended complaint which identified the unknown John Doe Medical Instrument Manufacturing Corporation as "Van–Tech now owned by Boston Scientific Corporation" was filed.

After receiving the amended complaint, Boston Scientific Corporation filed an answer, and on March 17, 1995, filed a motion for summary judgment in which it asserted that the claims against it were barred by the two-year statute of limitations contained in West Virginia Code § 55–2–12.

In 1995 the appellant filed a response to the motion for summary judgment and asserted that she first became aware of the identity of Boston Scientific Corporation on January 28, 1994, and that she timely commenced her civil action within two years after being advised of the existence of the negligence acts in the identity of the manufacturer. To oppose to the granting of summary judgment, she also filed an affidavit asserting that she was not aware of the identity of the manufacturer until January 28, 1994.

After considering the facts of the case, and the arguments of the parties, the Circuit Court on August 24, 1995, granted Boston Scientific Corporation's motion for summary judgment. In its order the Court stated that the appellant, by her own admission, was aware of a broken wire in her kidney no later than October 23, 1991. The Court also found that the appellant took no further action to discover the identify of the manufacturer of the broken wire until she filed her original complaint and served discovery requests on Dr. Shannon and St. Joseph's Hospital on October 1, 1993. The Court stated:

> Plaintiff [Appellant] has not shown that she acted with reasonable diligence; the plaintiff [Appellant] has not shown that the handicaps to discovery of the identify of Boston Scientific were great and has completely failed to show that the handicaps to discovery of the identity of Boston Scientific were the product of Boston Scientific's conduct; there has been no showing whatsoever of any fraudulent concealment by Boston Scientific . . .

The Court concluded that since the civil action was not filed against Boston Scientific within two years of the date that the appellant became aware of the injury, the action with respect to Boston Scientific was barred by the applicable statute of limitations.

It is from this order that the appellant now appeals.

In *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court examined the circumstances under which summary judgment should be granted and stated in syllabus point 3:

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

See also syllabus point 2 *Hanlon v. Chambers,* 195 W.Va. 99, 464 S.E.2d 741 (1995.)

The record in the present case shows that on or about October 23, 1991, the appellant was notified that a wire was improperly lodged in her body as a result of the medical procedure conducted on January 27, 1988, and that on October 1, 1993, almost two years after she learned that the wire had improperly been lodged in her body, she filed her complaint and her first set of interrogatories in which she sought information regarding the name and address of the manufacturer of the wire. The record does not detail the specific efforts that the appellant or her attorney made to identify the manufacturer of the wire, between October 23, 1991, and October 1, 1993.

The parties concede that the appellant's claims against Boston Scientific are governed by the two-year statute of limitations contained in W.Va.Code § 55–2–12. See *Taylor v. Ford Motor Company,* 185 W.Va. 518, 408 S.E.2d 270 (1991).

In cases such as the present one, where all facts regarding the existence of the injury and the identity of the manufacturer of the instrument of injury are not immediately known, this Court has recognized the so-called "discovery rule" and has generally stated that:

**4**

In product liability cases, the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence should know, (1) that he has been injured, (2) the identity of the maker of the product, and (3) that the product had a causal relation to his injury.

Syllabus point 1 *Hickman v. Grover*, 178 W.Va. 249, 358 S.E.2d 810 (1987). See also *Barney v. Auvil*, 195 W.Va. 733, 466 S.E.2d 801 (1995).

■ Although this is the general rule, the Court has also indicated, in syllabus point 3 of *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992), that:

Mere ignorance of the existence of a cause of action or of the identity of the wrongdoer does not prevent the running of the statute of limitations; the "discovery rule" applies only when there is a strong showing by the plaintiff that some action by the defendant prevented the plaintiff from knowing of the wrong at the time of the injury.

In syllabus point 4 of *Gaither v. City Hospital, Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997), a case decided simultaneously with this one, the court clarified this further by stating:

In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statue of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

In the body of the *Cart* case the Court reiterated that mere ignorance of the existence of a cause of action or of the identity of the wrongdoer does not prevent the running of a statute of limitations, the implication being that if a plaintiff does not make a reasonable effort to discover the cause of action or the identity of the wrongdoer, he is not entitled to the benefit of the "discovery rule," which holds that the statutory period

begins to run only when he is aware of the cause of action and the identity of the wrongdoer. The Court also indicated that to benefit from the rule, the plaintiff must make a strong showing that he was prevented from knowing of the cause of action or the identity of the wrongdoer by fraudulent concealment on the part of the wrongdoer, an inability on his part to comprehend the injury or other extreme hardship.

The affidavit filed by the appellant's attorney in the present case suggests that he did take steps designed to ascertain the identity of the manufacturer of the broken wire after the appellant definitively learned that it was in her body on October 23, 1991, and before she filed her complaint on October 1, 1993. As previously indicated, it is not wholly clear what his inquiries or other steps to identify the manufacturer and distributor of the wire exactly entailed, and to this Court, it is not clear whether the appellant's discovery attempts were reasonable or not. This circumstance indicates to this Court that at the time summary judgment was granted further inquiry concerning the facts was desirable to determine whether the appellant's inquiries, and/or other attempts to identify the maker of the wire, constituted a reasonable effort.

As indicated in syllabus point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York*, *supra*, summary judgment should not be granted where inquiry concerning the facts of a case is desirable to clarify the application of the law. In view of this, this Court believes that the trial court erred in granting summary judgment.

The judgment of the Circuit Court of Wood County is, therefore, reversed, and this case is remanded for further development.

Reversed and remanded.

MAYNARD, J., dissents and reserves the right to file a dissenting opinion.